UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Jorge A. Rodriquez, Jr.,
    Plaintiff,

v.                                                                                            09-1118

Robert Migliorino, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

    Before the court are the defendants, Geraldo Acevedo, Steve Damewood, Marilyn Griffith and Lois Lindorff-Mathes's summary judgment motion [74], the plaintiff's response [93] and the defendants, Dr. Lochard and Robert Migliorino's unopposed summary judgment motion [76].
.

Standard

    Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

    "Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc*., 176 F.3d 390, 390 (7th Cir. 1999). Failure by the

non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659. It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. Keri v. Barod of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir.2006)(*citing Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997)).

Undisputed Material Facts[1]

1. Plaintiff is an inmate currently incarcerated at Hill Correctional Center. See Complaint [1].
2. Plaintiff filed his complaint on March 31, 2009, complaining of deliberate indifference to medical needs at Hill Correctional Center from June 2008 to present. *Id*.
3. Plaintiff attached grievances dated July 21, 2008, August 15, 2008 (two grievances), August 20, 2008, and September 14, 2008 to his complaint.
4. Additionally, Plaintiff filed a Declaration [52] containing a grievance dated October 20, 2008.
5. Plaintiff's July 21, 2008 grievance does not name any individual, and was not addressed by the ARB; rather it was returned to Plaintiff on March 19, 2009, as it could not be addressed as it did not have any specifics such as date of injury or last HCU visit. (Exhibit A).
6. Plaintiff's August 15, 2008 grievance complains that CO Griffith forced him to pay a two dollar co-pay, but does not complain that CO Griffith was indifferent to his medical needs. This grievance was responded to by the ARB on March 19, 2009. (Exhibit B). Further, this grievance does not contain any complaints with respect to any other defendant.
7. Plaintiff filed another grievance on August 15, 2008, complaining that CO Damewood refused to give him medical attention. This grievance was responded to by the ARB on March 19, 2009. (Exhibit C). This grievances does not contain any complaints with respect to any other defendant.
8. Plaintiff's August 20, 2008 grievance complains that CO Griffith forced him to pay a two dollar co-pay, but does not complain that CO Griffith was indifferent to his medical needs. This grievance was responded to by the ARB on March 19, 2009. (Exhibit D). This grievance does not contain any complaints with respect to any other defendant.

---

[1]Exhibits can be found attached to defendants' summary judgment motion [74], except where other noted. Plaintiff disputes 4, 5, 7, 9 and 10, but the documents speak for themselves.

9. Plaintiff's September 14, 2008 grievance complains about a doctor's visit, but does not name Defendants Acevedo, Damewood, Griffith, or Lindorf Mathes.  The ARB responded to this grievance on March 26, 2009.  (Exhibit E).  This grievance complains about a doctor's visit, specifically that the language used by Dr Migliorino was unprofessional; however, he does not make any allegations that the medical treatment was deliberately indifferent to his serious medical needs.  Rather, it simply suggests that the physician's tone or word choice was disrespectful.  The ARB responded to this grievance on March 26, 2009.  (Exhibit E).
10. Plaintiff's October 20, 2008 complains about his shoulder injury, but this grievance was not responded to by the ARB until June 16, 2009.  (Exhibit F).

## Discussion

Plaintiff has failed to exhaust his administrative remedies prior to bringing this lawsuit as required by the Prison Litigation Reform act.  Pursuant to the Prison Litigation Reform Act, all prison inmates bringing an action under 42 U.S.C. §1983, with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with the lawsuit. (42 U.S.C. §1997e(a)). Section 1997e(a) specifically provides:

> No action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies are exhausted. 42 U.S.C. §1997e(a).

Section 1997e(a)'s exhaustion requirement is mandatory and applies to all prisoners seeking redress for wrongs occurring in prison. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, (2002).  A district court lacks discretion to resolve a claim on the merits unless a prisoner has exhausted all administrative remedies available to him. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir.1999).  Pursuit of administrative remedies is necessary no matter what relief the Plaintiff seeks, including monetary damages. *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825 (2001).  The exhaustion statute is "too clear" and suits "must be dismissed" if administrative remedies are not followed. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 533, 534 (7th Cir. 1999).  That exhaustion of administrative remedies would be futile is no exception or excuse to the requirement. *Id*. at 537.  Plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. *Woodford v. Ngo*, 126 S.Ct. 2378, 2383 (2006) (holding that prisoner cannot satisfy exhaustion requirement by filing untimely or otherwise procedurally defective grievances).

To sufficiently exhaust all administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  For an inmate in the Illinois Department of Corrections, this exhaustion includes initially seeking redress of complaint through his correctional counselor.  20 Ill. Admin. Code § 504.810.  If informal resolution is impossible or the grievance concerns a disciplinary proceeding, the inmate must file a written grievance at the institutional level within 60 days of the discovery of the issue giving rise to the grievance. 20 Ill. Admin. Code 504.810.  An inmate must also appeal an unfavorable decision to the Director or

his designees in the Administrative Review Board. 20 Ill. Admin. Code 504.850. Therefore, unless a decision has been issued by the Administrative Review Board, an inmate has not fully exhausted his administrative remedies. The entire process must be completed before suit is filed, completion after suit is filed is insufficient. *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).

A review of the grievances on record indicates that Plaintiff has not exhausted his administrative remedies to Defendants Acevedo, Griffith, or Lindorf Mathes. The only grievance of record directed against Defendants Acevedo or Mathes is Plaintiff's October 20, 2008 grievance. (Exhibit F). This grievance was not responded to until June 16, 2009, after this lawsuit was initiated, and is therefore insufficient. *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Two of Plaintiff's grievances name Defendant Griffith, but these grievances do not complain of indifference to medical needs; rather they complain that Plaintiff was forced to pay two dollars when receiving medical attention. (Exhibits B and D). In fact Plaintiff's August 15, 2008 grievance states "she do not have anything to do with medical care." (Exhibit B).

Further, Plaintiff did not oppose Dr. Lochard and Dr. Robert Migliorino's summary judgment motion. A review of the grievances on record indicates that the Plaintiff has not exhausted his administrative remedies as to these defendants. The only grievance on the record that even remotely mentions either physician is the one that was filed October 20, 2008, but was not responded to until June 16, 2009, after the lawsuit was initiated. As a result, the foundation for the Plaintiff's suit is insufficient. *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532, 535 (7th Cir. 1999*).* Likewise, similar to the above, the grievances do not address indifference to any serious medical need. At most, the grievances take issue with the choice of words and/or tone that Dr. Migliorino may have used during one of the visits. Otherwise, the grievance has nothing to do with medical care. As a result, the court finds Plaintiff has failed to exhaust administrative remedies against Dr. Lochard and Dr. Migliorino.

It is therefore ordered:

1. Pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 56(c), Defendants' summary judgment motions [74] and [76] are granted. <u>The clerk of the court is directed to enter judgment in favor of Defendants, Acevedo, Griffith, Mathes, Lochard, Migliorino and against Plaintiff at the close of this case</u>. The court welcomes a well-supported summary judgment motion regarding the remaining defendant, Damewood. The parties are directed to advise the court whether a summary judgment motion on the merits will be filed within seven days of this order. Otherwise, the parties are reminded that the final pretrial conference is scheduled for October 29, 2010 at 1:30 pm by video conference. The proposed final pretrial order shall be received by the clerk of the court on or before October 22, 2010. The remaining defendant is reminded that he bears the responsibility for the initial preparation of the pretrial order. Jury trial is scheduled for November 15, 2010 at 9:00 a.m., before the court sitting in Urbana, Illinois. The parties shall appear in person.
2. If Plaintiff wishes to appeal this order, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to

      appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. Further, Plaintiff may be assessed a strike if his appeal has no merit.

3. Defendants' motions to stay [97] and [98] and Plaintiff's motion for extension of time [99] to respond to the motion to stay are rendered moot by this order.

Enter this 14th day of September 2010.

**\s\Harold A. Baker**

_____
Harold A. Baker
United States District Judge